In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00031-CR
______________________________


PATRICK EUGENE HOWELL, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 30009-B


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            A jury convicted Patrick Eugene Howell of driving while intoxicated, as charged in the
indictment. The jury further found that Howell, on two prior occasions, had been convicted of
driving while intoxicated, making Howell eligible for sentencing within the range provided for a
third-degree felony. See Tex. Pen. Code Ann. § 49.09(b)(2) (Vernon Supp. 2004–2005). Yet,
because Howell further admitted to the jury he had been twice previously and finally convicted of
separate felony offenses, as charged in the State's pretrial notice of intent to seek enhanced felony
punishment, the trial court further raised Howell's punishment range to that of a first-degree felony,
with the minimum sentence being twenty-five years. See Tex. Pen. Code Ann. § 12.42(d) (Vernon
Supp. 2004–2005) (enhanced punishment for felony offender twice previously convicted of felony
other than state jail). The trial court sentenced Howell to twenty-five years' imprisonment, in
accordance with the jury's recommendation.
            On appeal, Howell contended the State's pretrial notice "failed to include any allegations of
the sequence or finality of the convictions as required" by Section 12.42(d) of the Texas Penal Code
and that the evidence was therefore legally insufficient to establish his "habitual offender" status. 
We originally affirmed Howell's conviction after finding Howell failed to preserve the notice-defect
issue for appellate review. See Howell v. State, No. 06-03-00031-CR, 2004 Tex. App. LEXIS 3691,
at 3–4 (Tex. App.—Texarkana Apr. 28, 2004) (mem. op.) (not designated for publication). On
discretionary review, the Texas Court of Criminal Appeals reversed—saying this Court erred by not
addressing Howell's argument "that the evidence was legally insufficient to prove that he was
susceptible to punishment as a habitual offender"—and remanded the case to this Court to address
solely the legal sufficiency of the evidence. Howell v. State, No. PD-0832-04, slip op. at 3–4 (Tex.
Crim. App. Mar. 9, 2005) (not designated for publication). For the reasons stated below, we again
affirm the trial court's judgment.
            Howell contends that "[t]he evidence is legally insufficient to demonstrate that the Appellant
was eligible for punishment as a 'habitual offender' pursuant to Section 12.42(d), Texas Penal Code,"
and that the State failed to prove the order of finality of the felony enhancement convictions.             In reviewing the legal sufficiency of the evidence, we are to determine whether "a rational
trier of fact could have found beyond a reasonable doubt" that the enhancement convictions, and
their sequencing as required by the statute, are true. See Coleman v. State, 145 S.W.3d 649, 652
(Tex. Crim. App. 2004); see also Fluellen v. State, 104 S.W.3d 152, 159–60 (Tex. App.—Texarkana
2003, no pet.) (applying legal sufficiency standard in challenge to proof of punishment
enhancement).
            Driving while intoxicated–subsequent offense is a third-degree felony, Tex. Pen. Code Ann.
§ 49.09(b)(2), and carries a punishment range of between two and ten years' imprisonment. Tex.
Pen. Code Ann. § 12.34 (Vernon 2003).
If it is shown on the trial of a felony offense . . . that the defendant has previously
been finally convicted of two felony offenses, and the second previous felony
conviction is for an offense that occurred subsequent to the first previous conviction 
 
having become final, on conviction he shall be punished by imprisonment . . . for any
term of not more than 99 years or less than 25 years.

Tex. Pen. Code Ann. § 12.42(d).
                        At trial, the State introduced into evidence certified documents relating to
eight of Howell's prior convictions. Howell  did  not  object  to  this  evidence.  One
 document  showed  that,  on March 20, 1986, Howell was convicted and sentenced
in the 115th Judicial District Court of Upshur County to  ten  years'  imprisonment
 for  the  felony  offense  of  forgery,  which  had  been committed on January 29,
1986. Another document showed that on April 17, 1989—after Howell's sentence
became final for the Upshur County forgery—Howell committed the felony offense
of unauthorized use of a motor vehicle, for which—on November 10, 1989, in
Criminal District Court Number 5 of Dallas County—he was convicted and
sentenced to ten years' imprisonment. In addition to the State's evidence, Howell
made a judicial confession in front of the jury that he had, in fact, been previously
convicted of both of those felony offenses. Thus, the jury had before it evidence that
Howell had previously been convicted of two felonies and that the first felony
conviction had become final before the commission and conviction of the second
felony offense. The evidence is, therefore, legally sufficient to support Howell's
sentence as a habitual offender.
 
 
 
 
            For the reasons stated, we affirm the trial court's judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice


Date Submitted:          May 4, 2005
Date Decided:             July 8, 2005

Do Not Publish